PEOPLE v HILL

Docket No. 113254. Submitted June 13, 1989, at Grand Rapids.
Decided September 7, 1989. Leave to appeal applied for.

Leslie J. Hill, a welfare recipient who failed to disclose $825.45 in
income, was charged with the felony offense of welfare fraud.
At preliminary examination, the magistrate denied the prose-
cution's motion for a bindover, determining the amount of
benefits fraudulently obtained to be less than $500, the mini-
mum required for a felony, as opposed to a misdemeanor,
charge of welfare fraud. In making that determination, the
magistrate ruled that, under procedures observed by the De-
partment of Social Services with regard to welfare recipients'
outside incomes, defendant's benefits would have been reduced
by less than $500 had she made a timely disclosure of the
$825.45 in income. The Marquette Circuit Court, Edward A.
Quinnell, J., affirmed the magistrate's ruling. The Court of
· Appeals granted the prosecution leave to appeal.

The Court of Appeals *held:*

Whether welfare fraud, MCL 400.60; MSA 16.460, is classified
as a felony or misdemeanor depends on the amount of benefits
fraudulently obtained. This is designated in § 60(1) as the
"amount involved," which is defined as the difference between
the lawful amount of assistance or aid and the amount of
assistance or aid actually received. Here, the amount involved
is the $825.45 in unreported income. The DSS procedures which
allow for a benefits reduction that is lower than a dollar for
each dollar of income apply only in cases where income is
reported on a timely basis. These procedures do not apply in
defendant's case since she failed to make a timely report of the
$825.45 in income.

Reversed and remanded for further proceedings.

1. CRIMINAL LAW — WELFARE FRAUD.

   Whether welfare fraud is classified as a felony or misdemeanor

REFERENCES

Am Jur 2d, Welfare Laws §§ 111-113.
See the Index to Annotations under Fraud and Deceit; Poor Per-
sons.

depends on the amount of benefits fraudulently obtained, i.e., the difference between the lawful amount of assistance or aid and the amount of assistance or aid actually received; where such difference is $500 or less, the offense is a misdemeanor; where such difference is more than $500, the offense is a felony (MCL 400.60[1]; MSA 16.460[1]).

2. CRIMINAL LAW — WELFARE FRAUD — FAILURE TO REPORT INCOME.
   A welfare recipient who fails to make a timely report of income of more than $500, which income had it been timely reported would have resulted in a reduction of benefits actually received by an amount less than $500, can properly be charged with the felony offense of welfare fraud (MCL 400.60; MSA 16.460; 45 CFR 233.20, 233.27).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary L. Walker,* Prosecuting Attorney, and *Matthew J. Wiese,* Assistant Prosecuting Attorney, for the people.

*Mark Peter Stevens,* for defendant.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Julia R. Bell,* Assistant Attorney General, for Department of Social Services.

Before: HOLBROOK, JR., P.J., and SAWYER and GRIFFIN, JJ.

PER CURIAM. The prosecutor appeals by leave granted in order to challenge the district court's denial of his motion to bind defendant over to circuit court on the felony charge of welfare fraud, MCL 400.60(1); MSA 16.460(1). The circuit court affirmed the ruling of the district court. We reverse.

Whether welfare fraud is classified as a felony or misdemeanor depends on the amount of benefits

fraudulently obtained. This is designated in MCL 400.60(1); MSA 16.460(1) as the "amount involved," which is defined as "the difference between the *lawful amount* of assistance or aid and the amount of assistance or aid actually received." (Emphasis added.) Fraud with an amount involved of $500 or less constitutes a misdemeanor, while fraud involving more than $500 constitutes a felony. It is the application of this statutory standard that gives rise to the instant appeal.

At the preliminary examination, the evidence showed fraud occurring over a ten-month period. Although plaintiff was a welfare recipient, she also realized some income from employment. Subject to a duty to file reports disclosing her income, she apparently reported some, but not all of the income. The amount she allegedly failed to report was $825.45.

In charging defendant with the felony offense of welfare fraud, the prosecutor calculated the amount of fraud as the $825.45 which was never reported. According to the prosecutor, since that amount was money earned and unreported, it would have resulted in a dollar-for-dollar reduction in the amount of defendant's entitlement to benefits. Consequently, defendant's fraud exceeded $500.

Defendant provided a different calculation, which resulted in the amount involved being less than $500. Under procedures utilized by the Department of Social Services,[1] specified portions of the income received and reported by a recipient are excluded from the calculation of outside income used to reduce welfare benefits. However, the benefit of this program is made contingent on the

---

[1] The parties seem to agree that the outline of those procedures is contained in the Code of Federal Regulations. See 45 CFR 233.20, 233.27. See also 42 USC 602(a).

recipient's timely reporting of all outside income. The portions of income excluded for purposes of calculation of a recipient's entitlement (thereby resulting in a less than dollar-for-dollar reduction in benefits for total outside income) are known as "disregards." Although defendant's failure in this case to make the required reports forfeited her right to claim the disregards, she contends that, for purposes of calculating the "lawful amount" of her entitlement under the criminal statute, it must be assumed on a hypothetical basis that she made timely filings since failure to report income is itself a crime, MCL 400.60(2); MSA 16.460(2). If her entitlement to benefits is calculated in this manner, then the resultant "lawful amount" of benefits is enhanced as a function of the disregards. When this lawful amount of benefits is deducted from benefits actually received, the "amount involved" becomes less than $500 for purposes of the criminal statute.

The parties stipulated that this question is determinative of whether the charge of welfare fraud should be prosecuted as a felony or a misdemeanor.

We reverse and hold that the "amount involved" must be calculated with reference to the recipient's lawful entitlement to benefits based on her actual compliance or noncompliance with reporting requirements. Whether or not the recipient's lawful entitlement is calculated by including or excluding income disregards will depend on whether the recipient's actual conduct entitles her to the disregards.

In so deciding, we attach significance to the framework of the welfare fraud statute, MCL 400.60; MSA 16.460, which is subdivided into two general categories: in subsection (1) (the offense at issue in this appeal), recipients are broadly prohib-

ited from making false statements or using fraudulent devices to obtain benefits; but, in subsection (2), recipients are subject to criminal responsibility for failing to make required disclosures of their financial circumstances on an ongoing basis. A perusal of both subsections suggests that they define substantively different offenses, each aimed at a discrete type of abuse of the social welfare system. Both, however, employ the $500 valuation point as the delineation of the degree of the offense, although slightly different terminology in subsection (2), requiring that the amount of benefits be "granted as a result of such neglect or refusal [to make required disclosures]," is employed as the standard for determining whether the amount in question equals or exceeds $500. In each instance, however, the manifest legislative intent is to punish the defendant more severely (by attaching felony status to the crime) when the proscribed wrongdoing produces an overpayment of benefits in the specified amount. If we were to adopt defendant's suggested reading of subsection (1), incorporating the assumption that the recipient is always entitled to the benefit of income disregards, we would effectively sanction inconsistent and anomalous results under each subsection, at least when the factual basis of the fraud charge is nondisclosure or concealment of income. Under the facts assumed in this case, defendant would be guilty of only misdemeanor welfare fraud under subsection (1) by virtue of the income disregards, but she would be guilty of felony welfare fraud under subsection (2) because she received more than $500 as a result of her nondisclosure.

Perhaps even more significantly, defendant's contrary reading of the statute would frustrate one of the underlying policies of income disregards

—to give recipients an incentive to make reports disclosing income on a timely basis. We see no reason to reward defendant for her nondisclosure.

Reversed and remanded for proceedings consistent with this opinion.